IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN JOSHUA DINKLE, #309 785, )<br>                                           )<br>    Plaintiff,                     )<br>                                           )<br>   v.                                )<br>                                           )<br>ALABAMA DEPT. OF CORRECTIONS, )<br>*et al.*,                                    )<br>                                         )<br>    Defendants.          )| CIVIL ACTION NO. 2:18-CV-20-WHA<br>[WO] |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bibb Correctional Facility, filed this 42 U.S.C. § 1983 action on January 11, 2018. Plaintiff did not, however, file the $350 filing fee and $50 administrative fee necessary when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Consequently, the court did not have the information essential in determining whether Plaintiff should be allowed to proceed *in forma pauperis* and, therefore, entered an order on January 16, 2018, requiring he provide the court with the requisite information by January 30, 2018. Doc. 2. Plaintiff complied with the January 16 order by filing an application seeking leave to proceed *in forma pauperis* on February 2, 2018. Doc. 3. In support of this request, Plaintiff provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months. *Id.* Because the inmate account statement was not fully legible, the court entered an order on February 5, 2018, granting Plaintiff fifteen days to submit a fully

legible copy of his inmate account statement. Doc. 4. Plaintiff filed a legible copy of his inmate account statement on February 15, 2018. Doc. 5.

After a thorough review of the financial information provided by Plaintiff and pursuant to the provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Plaintiff owed an initial partial filing fee of $14.62. Doc. 6. The court directed Plaintiff to pay the initial partial filing fee on or before March 15, 2018. *Id.* at 2. In addition, this order specifically informed Plaintiff "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee." *Id.* The order also "advised [Plaintiff] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id.* at 3. Moreover, the court specifically cautioned Plaintiff that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Plaintiff failed to pay the initial partial filing fee within the time allowed by the court. The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff. Plaintiff may file any objection to this Recommendation on or before **April 12, 2018**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this 29th day of March, 2018.

        /s/ Susan Russ Walker
        Susan Russ Walker
        United States Magistrate Judge